FILED

15 JUN 29 PM 1:49

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS, FLORIDA

Ft. Myers Division

Case No. 2:14-cv-_____

2:15-cv-392-FtM-99CM

HAYLEY LAFAVE,
RUSSELL LAFAVE,
ALINDALE S. LOUIS and
FAKEELA HOWELL-LOUIS,

    Plaintiffs,

vs.

GALAXY INTERNATIONAL
PURCHASING, LLC, a Nevada
Limited liability Company and
MARCADIS SINGER, P.A., a
Florida professional association,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, HAYLEY LAFAVE, RUSSELL LAFAVE, ALINDALE S. LOUIS and FAKEELA HOWELL-LOUIS, by and through their undersigned counsel, hereby file their Complaint and Demand for Jury Trial, sue the Defendants, MARCADIS SINGER, P.A. and GALAXY INTERNATIONAL PURCHASING, LLC, and allege as follows:

1.     This is an action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§1692-1692o seeking actual damages, statutory damages, attorney's fees and costs.

*Hayley Lafave, et al v. Galaxy International Purchasing, LLC
and Marcadis Singer, P.A.,*
Page 2

---

2. This Court has jurisdiction under Fair Debt Collection Practices Act 28 U.S.C. § 1331 and 15 U.S.C. § 1692k. Venue in this District is proper because two of the Plaintiffs reside in Charlotte County, Florida, and Defendants do business in this District.

3. Plaintiffs bring this action for illegal practices of Defendants, MARCADIS SINGER, P.A. and GALAXY INTERNATIONAL PURCHASING, LLC, who each used false, deceptive and misleading practices, and other illegal practices, in connection with their attempts to collect alleged debts from the Plaintiffs.

4. The individual claims of the Plaintiffs herein have common questions of fact and law.

5. Plaintiffs allege that the Defendants, MARCADIS SINGER, P.A. and GALAXY INTERNATIONAL PURCHASING, LLC, and their respective debt collector employees, violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").

6. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using

*Hayley Lafave, et al v. Galaxy International Purchasing, LLC and Marcadis Singer, P.A.,*
Page 3

abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. §§ 1692(a) - (e).

7. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Eleventh Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010).

8. To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. § 1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain per se violations of harassing and abusive collection conduct. 15 U.S.C. § 1692d(1)-(6).

9. To further prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection statements and names a non-exhaustive list of certain per se violations of false and deceptive collection conduct. 15 U.S.C. §§1692e (1)-(16).

## I. PLAINTIFFS

10. At all times relevant to this Complaint, each of the Plaintiffs was a natural person residing in the State of Florida.

11. At all times relevant to this Complaint, each Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

*Hayley Lafave, et al v. Galaxy International Purchasing, LLC
and Marcadis Singer, P.A.,*
Page 4

---

12. Plaintiffs are each alleged to have incurred financial obligations for primarily personal, family, or household purposes, which is, therefore, a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

13. Plaintiffs are each alleged to have incurred financial obligations in connection with a student loan from Union Federal Savings Bank.

## II.  DEFENDANTS

14. Defendant, MARCADIS SINGER, P.A., is a State of Florida professional association having its principal place of business at 5104 S Westshore Blvd, Tampa, FL 33611, and at all times relevant to this Complaint, collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

15. Defendant, GALAXY INTERNATIONAL PURCHASING, LLC, is a Nevada Limited Liability Company having its principal address located at 101 Convention Center Drive, Suite 700, Las Vegas NV 89109.

16. Defendant, GALAXY INTERNATIONAL PURCHASING, LLC, is a debt buyer.

17. Defendant, MARCADIS SINGER, P.A., is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

18. More specifically, Defendant, GALAXY INTERNATIONAL PURCHASING, LLC, is an entity that bought debt or was assigned debts allegedly due to others. *See Crawford v. LVNV Funding, LLC,* 2014 WL 3361226 (11th Cir. July 10,

*Hayley Lafave, et al v. Galaxy International Purchasing, LLC
and Marcadis Singer, P.A.,*
Page 5

_____

2014) (holding debt buyers are unequivocally debt collectors under the FDCPA).

19. Defendant, GALAXY INTERNATIONAL PURCHASING, LLC, is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

### III. FACTS

20. Each of the Plaintiffs is alleged to have incurred financial obligations in the form of student loans and each is alleged to have defaulted on those obligations.

21. On July 2, 2014, Defendants filed a Complaint against Plaintiffs, HAYLEY LAFAVE and RUSSELL LAFAVE, in Charlotte County, Florida, Case No. 2014-CC-00516, on behalf of a named-plaintiff identified as GALAXY INTERNATIONAL PURCHASING, LLC, seeking monetary relief based on an alleged default of a student loan.

22. In the Complaint filed by Defendants against Plaintiffs, HAYLEY LAFAVE and RUSSELL LAFAVE, described in the preceding paragraph, it alleges:

> *1. Defendants, HAYLEY LAFAVE, and RUSSELL LAFAVE, entered into an Agreement with UNION FEDERAL SAVINGS BANK for the purpose of obtaining a student loan.*
>
> \*       \*       \*       \*
>
> *10. UNION FEDERAL SAVINGS BANK has assigned the account to the Plaintiff.*

23. In connection with the Complaint described in the preceding paragraphs, no

*Hayley Lafave, et al v. Galaxy International Purchasing, LLC*
*and Marcadis Singer, P.A.,*
Page 6

---

documents of assignment were attached to the Complaint showing that Defendant, GALAXY INTERANTIONAL PURCHASING, LLC, is the owner of the loan sued upon.

24.     On August 12, 2014, Plaintiffs, HAYLEY LAFAVE and RUSSELL LAFAVE, though their attorneys, formally requested Defendants to produce the assignments referred to in the lawsuit described in paragraph 21 hereof, but Defendants have failed to do so.

25.     As late as February 17, 2015, Defendants are seeking additional time within which to produce the requested documentation.

26.     On August 15, 2014, Defendants filed a Complaint against Plaintiffs, ALINDALE LOUIS and FAKEELA HOWELL-LOUIS, Case No. CACE 14-015823, on behalf of Defendant, GALAXY INTERNATIONAL PURCHASING, LLC, seeking monetary relief based on an alleged default of a student loan.

27.     In the Complaint filed by Defendants against the Plaintiffs, ALINDALE LOUIS and FAKEELA HOWELL LOUIS, described in the preceding paragraph, it alleges:

> *1. Defendants, ALINDALE LOUIS, a/k/a ALINDALE S. LOUIS, and FAKEELA HOWELL, a/k/a FAKEELA HOWELL-LOUIS, entered into an Agreement with UNION FEDERAL SAVINGS BANK for the purpose of obtaining a student loan.*
>
> *2. UNION FEDERAL SAVINGS BANK assigned the account to THE NATIONAL COLLEGIATE STUDENT LOAN TRUST 2009-1, a copy being attached hereto and made a part hereof.*
>
> *3. THE NATIONAL COLLEGIATE STUDENT LOAN TRUST 2009-1 assigned the account to Plaintiff, GALAXY INTERNATIONAL*

*Hayley Lafave, et al v. Galaxy International Purchasing, LLC
and Marcadis Singer, P.A.,*
Page 7

---

> PURCHASING, LLC, a copy being attached hereto and made a part hereof.
>
> \* \* \* \*
>
> 10. UNION FEDERAL SAVINGS BANK has assigned the account to the Plaintiff.

28. Despite the fact that the Complaint filed by Defendants against the Plaintiffs, ALINDALE LOUIS and FAKEELA HOWELL-LOUIS, alleges in paragraphs 2 and 3 thereof that assignment were attached, no assignments were attached. However, what was attached to the Complaint were 21 pages of confusing, irrelevant and misleading documents.

29. The allegations in the Complaints described in paragraphs 21 and 24 that "UNION FEDERAL SAVINGS BANK has assigned the account to the Plaintiff" is false, misleading and deceptive.

30. Prior to being sued by Defendants, Plaintiffs ALINDALE LOUIS and FAKEELA HOWELL-LOUIS, had never heard of "Galaxy International Purchasing, LLC."

31. Under the least sophisticated consumer standard, as a result of the false allegations referred to above, Plaintiffs would be expected to believe that GALAXY INTERNATIONAL PURCHASING, LLC was the immediate purchaser of the student loans and that the likelihood was great of it possessing all of the necessary documentation to pursue collection activity against the Plaintiffs.

32. The allegations in the Complaints described in paragraphs 21 and 24 that

*Hayley Lafave, et al v. Galaxy International Purchasing, LLC and Marcadis Singer, P.A.,*
Page 8

---

"UNION FEDERAL SAVINGS BANK has assigned the account to the Plaintiff" is false, misleading and deceptive.

**Assignment of Consumer Debt**

33. On January 27, 2015, Plaintiffs, ALINDALE LOUIS and FAKEELA LOUIS, by and through their counsel, formally requested that the Defendants produced the assignments of the debts sued upon in the state court action.

34. Defendants failed to timely respond to the Plaintiffs' formal request for documents. Instead, Defendants filed an untimely "Motion for Extension of Time" on March 6th, 2015 stating:

> Plaintiff needs additional time within which to review its records and formulate the appropriate responses to Discovery.

35. In summary, Defendants filed a lawsuit against Plaintiffs, ALINDALE LOUIS and FAKEELA LOUIS, on August 15, 2015 and after pursuing the state court action for seven months, cannot and will not produce the documents necessary to prove their case.

36. Based on the Defendants failure to produce the necessary documentation to pursue collection actions against the Plaintiffs, they believe that Defendants do not possess the documents to support the lawsuit filed against them.

37. Based on the Defendants failure to produce the necessary documentation to pursue collection actions against the Plaintiffs, they believe that Defendants do not possess the documents to support the lawsuit filed against them.

*Hayley Lafave, et al v. Galaxy International Purchasing, LLC
and Marcadis Singer, P.A.,*
Page 9

---

**Notice of Assignment**

38. In order for an assignee of a debt to pursue a claim on a consumer debt, it must give notice of the assignment to the maker of the loan. This notice provision is incorporated into Section 559.715 of the Florida Statutes, which provides:

> This part does not prohibit the assignment, by a creditor, of the right to bill and collect a consumer debt. However, the assignee **must give the debtor written notice of such assignment** as soon as practical after the assignment is made, but at least 30 days before any action to collect the debt. The assignee is a real party in interest and may bring an action to collect a debt that has been assigned to the assignee and is in default. § 559.715, Fla. Stat. (emphasis supplied)

39. Section 559.715 of the Florida Statutes makes it a necessary condition precedent that an assignee must give the debtor written notice of such assignment within 30 days prior to the filing of the lawsuit on that debt.

40. The statute does not specify the type of notice of assignment to be provided, however, Plaintiff submits that this

41.

## COUNT I – RUSSELL AND HAYLEY LAFAVE

42. Plaintiffs, RUSSELL LAFAVE and HALEY LAFAVE, repeat and reallege the allegations set forth in paragraphs 1 through 29 hereof as if fully set forth herein.

43. Section 807 of the Fair Debt Collection Practices Act, 15 USC § 1692e, provides as follows:

*Hayley Lafave, et al v. Galaxy International Purchasing, LLC*
*and Marcadis Singer, P.A.,*
Page 10

---

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> \*   \*   \*   \*   \*
>
> 10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

44. Defendants' allegations as alleged in their Complaints filed against Plaintiffs were totally lacking in allegations of ownership of the debts sued upon.

45. Defendants' state court complaints filed against the Plaintiffs were completely lacking in essential documentation as to ownership of the debts sued upon.

46. Defendants' allegations in the Complaints contend that Defendant, GALAXY INTERNATIONAL PURCHASING, LLC, is the owner debt sued upon. However, there are no documents attached to the state court Complaints to establish that the alleged debts sued upon are owned by the Defendant, GALAXY INTERNATIONAL PURCHASING, LLC.

47. The Complaint and the attachments thereto described in paragraphs 21 and 24 hereof, were each a "communication" from Defendants to the Plaintiffs as that term is defined by 15 USC 1692a(2).

48. The allegations in the Complaints served on each of the Plaintiffs as alleged herein would be deceptive to the least sophisticated consumer with respect to theirs rights as both consumers and litigants and consequently violate 15 U.S.C. §§ 1692e, 1692e(10).

*Hayley Lafave, et al v. Galaxy International Purchasing, LLC and Marcadis Singer, P.A.,*
Page 11

## TRIAL BY JURY

Plaintiffs are entitled to and hereby respectfully demand a trial by jury on all issues so triable. US Const. amend. 7, Fed.R.Civ.P. 38.

WHEREFORE, Plaintiffs prays for this Court:

a. To declare that Defendants have violated the FDCPA;

b. To award each Plaintiff actual damages sustained as a result of the Defendants' failure to comply with the FDCPA;

c. To award each Plaintiff statutory damages not to exceed $1,000.00 against each Defendant;

d. To award Plaintiffs reimbursement for such expenses as have been required to expend to prosecute this claim;

e. To award Plaintiffs their reasonable attorney's fees pursuant to 15 U.S.C. §1692k;

f. To award such other and further relief as the Court deems proper.

*Hayley Lafave, et al v. Galaxy International Purchasing, LLC*
*and Marcadis Singer, P.A.,*
Page 12

---

## COUNT II – ALINDALE AND FAKEELA LOUIS

44. Plaintiffs, ALINDALE LOUIS and FAKEELA LOUIS, repeat and reallege the allegations set forth in paragraphs 1 through 29 hereof as if fully set forth herein.

49. Section 807 of the Fair Debt Collection Practices Act, 15 USC § 1692e, provides as follows:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\*    \*    \*    \*    \*

> 10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

50. Defendants' allegations as alleged in their Complaints filed against Plaintiffs were totally lacking in allegations of ownership of the debts sued upon.

51. Defendants' state court complaints filed against the Plaintiffs were completely lacking in essential documentation as to ownership of the debts sued upon.

52. Defendants' allegations in the Complaints contend that Defendant, GALAXY INTERNATIONAL PURCHASING, LLC, is the owner debt sued upon. However, there are no documents attached to the state court Complaints to establish that the alleged debts sued upon are owned by the Defendant, GALAXY INTERNATIONAL PURCHASING, LLC.

53. The Complaint and the attachments thereto described in paragraphs 21 and 24

*Hayley Lafave, et al v. Galaxy International Purchasing, LLC and Marcadis Singer, P.A.,*
Page 13

_____

hereof, were each a "communication" from Defendants to the Plaintiffs as that term is defined by 15 USC 1692a(2).

54. The allegations in the Complaints served on each of the Plaintiffs as alleged herein would be deceptive to the least sophisticated consumer with respect to theirs rights as both consumers and litigants and consequently violate 15 U.S.C. §§ 1692e, 1692e(10).

## TRIAL BY JURY

Plaintiffs are entitled to and hereby respectfully demand a trial by jury on all issues so triable. US Const. amend. 7, Fed.R.Civ.P. 38.

WHEREFORE, Plaintiffs prays for this Court:

g. To declare that Defendants have violated the FDCPA;

h. To award each Plaintiff actual damages sustained as a result of the Defendants' failure to comply with the FDCPA;

i. To award each Plaintiff statutory damages not to exceed $1,000.00 against each Defendant;

j. To award Plaintiffs reimbursement for such expenses as have been required to expend to prosecute this claim;

k. To award Plaintiffs their reasonable attorney's fees pursuant to 15 U.S.C. §1692k;

*Hayley Lafave, et al v. Galaxy International Purchasing, LLC
and Marcadis Singer, P.A.,*
Page 14

---

l.  To award such other and further relief as the Court deems proper.

DATED this 26 June 2015.

N. James Turner, Esq.
Counsel for Plaintiffs
Florida Bar No. 0203041
37 N. Orange Avenue, Suite 500
Orlando, FL 32801
(888) 877-5103
Email address:  njtlaw@gmail.com